■ The wire fraud statute falls "within the extensive reach of the Commerce Clause," *United States v. Hook*, 195 F.3d 299, 310 (7th Cir.1999), under which Congress may (1) "regulate the use of the channels of interstate commerce," (2) "regulate and protect the instrumentalities of interstate commerce, or persons or things in interstate commerce, even though the threat may come only from intrastate activities," and (3) "regulate those activities having a substantial relation to interstate commerce, *i.e.*, those activities that substantially affect interstate commerce," *United States v. Lopez*, 514 U.S. 549, 558–59, 115 S.Ct. 1624, 131 L.Ed.2d 626 (1995) (citation omitted); *accord Gonzales v. Raich*, 545 U.S. 1, 22, 125 S.Ct. 2195, 162 L.Ed.2d 1 (2005) (recognizing that it is "of no moment" that Congress's valid regulation of interstate activity "ensnares some purely intrastate activity"). Wires are channels or instrumentalities of interstate commerce. *See Heart of Atlanta Motel, Inc. v. United States*, 379 U.S. 241, 271, 85 S.Ct. 348, 13 L.Ed.2d 258 (1964) ("The facilities and instrumentalities used to carry on ... commerce, such as railroads, truck lines, ships, rivers, and even highways are also subject to congressional regulation...."); *United States v. Carnes*, 309 F.3d 950, 954 (6th Cir.2002) (recognizing that telecommunications are channels and instrumentalities of interstate commerce); *see also United States v. Wright*, 625 F.3d 583, 594 (9th Cir.2010) ("[O]ur precedent indicates that criminal statutes punishing the transmission of the relevant material 'in interstate or foreign commerce' require the material itself to cross state lines."). Accordingly, 18 U.S.C. § 1343 "is a valid extension of congressional power" under the Commerce Clause. *Hook*, 195 F.3d at 310.

Since Congress enacted 18 U.S.C. § 1343 based upon a constitutionally enumerated power, analysis of the statute under the Necessary and Proper Clause is inappropriate. *Gonzales*, 545 U.S. at 39, 125 S.Ct. 2195 (explaining that the Necessary and Proper Clause "empowers Congress to enact laws in effectuation of its *enumerated powers that are not within its authority to enact in isolation*" (emphasis added) (citing *McCulloch v. Maryland*, 17 U.S. (4 Wheat.) 316, 421–22, 4 L.Ed. 579 (1819))). Furthermore, because 18 U.S.C. § 1343 is a valid exercise of powers delegated to Congress by the Commerce Clause, Jinian's Tenth Amendment challenge fails. *United States v. Jones*, 231 F.3d 508, 515 (9th Cir.2000) ("We have held that if Congress acts under one of its enumerated powers, there can be no violation of the Tenth Amendment.").

## IV. CONCLUSION

We conclude that Jinian's fraudulent scheme closely resembles the fraud perpetrated in *Schmuck*, rather than the conduct at issue in *Kann*, and hold that the interstate requirement in 18 U.S.C. § 1343 is jurisdictional and not a substantive element of the wire fraud offense. We further conclude that Jinian's constitutional challenges to the wire fraud statute are without merit. Accordingly, we affirm Jinian's conviction and sentence.

**AFFIRMED.**

**Kristin M. PERRY; Sandra B. Stier; Paul T. Katami; Jeffrey J. Zarrillo, Plaintiffs–Appellees,**

City and County of San Francisco, Intervenor–Plaintiff–Appellee,

v.

Edmund G. BROWN, Jr., in his official capacity as Governor of California; Kamala D. Harris, in her official capacity as Attorney General of California; Mark B. Horton, in his official capacity as Director of the California Department of Public Health & State Registrar of Vital Statistics; Linette Scott, in her official capacity as Deputy Director of Health Information & Strategic Planning for the California Department of Public Health; Patrick O'Connell, in his official capacity as Clerk–Recorder for the County of Alameda; Dean C. Logan, in his official capacity as Registrar–Recorder/County Clerk for the County of Los Angeles, Defendants,

Hak–Shing William Tam, Intervenor–Defendant,

and

Dennis Hollingsworth; Gail Knight; Martin F. Gutierrez; Mark A. Jansson; Protectmarriage.Com–Yes on 8, A Project of California Renewal, as official proponents of Proposition 8, Intervenor–Defendants–Appellants.

Kristin M. Perry; Sandra B. Stier; Paul T. Katami; Jeffrey J. Zarrillo, Plaintiffs–Appellees,

City and County of San Francisco, Intervenor–Plaintiff–Appellee,

v.

Edmund G. Brown, Jr., in his official capacity as Governor of California; Kamala D. Harris, in her official capacity as Attorney General of California; Mark B. Horton, in his official capacity as Director of the California Department of Public Health & State Registrar of Vital Statistics; Linette Scott, in her official capacity as Deputy Director of Health Information & Strategic Planning for the California Department of Public Health; Patrick O'Connell, in his official capacity as Clerk–Recorder for the County of Alameda; Dean C. Logan, in his official capacity as Registrar–Recorder/County Clerk for the County of Los Angeles, Defendants,

Hak–Shing William Tam, Intervenor–Defendant,

and

Dennis Hollingsworth; Gail J. Knight; Martin F. Gutierrez; Mark A. Jansson; Protectmarriage.Com–Yes on 8, A Project of California Renewal, as official proponents of Proposition 8, Intervenor–Defendants–Appellants.

Nos. 10–16696, 11–16577.

United States Court of Appeals, Ninth Circuit.

June 28, 2013.

David Boies, Rosanne C. Baxter, Esquire, Boies, Schiller & Flexner LLP, Armonk, NY, Theodore Olson, Matthew McGill, Amir C. Tayrani, Gibson Dunn & Crutcher, LLP, Washington, DC, Theodore J. Boutrous, Jr., Esquire, Christopher D. Dusseault, Theane Evangelis Kapur, Gibson Dunn & Crutcher, LLP, Los Angeles, CA, Ethan Douglas Dettmer, Esquire, Enrique Antonio Monagas, Gibson, Dunn & Crutcher LLP, San Francisco, CA, Jeremy Michael Goldman, Esquire, Boies, Schiller & Flenxer, LLP, Oakland, CA, Theodore H. Uno, Bois Schiller & Flexner LLP, Hollywood, FL, for Plaintiffs–Appellees.

Ronald P. Flynn, Therese Stewart, Chief Deputy City, Christine Van Aken, Deputy City, Erin Bernstein, Deputy City, San Francisco City Attorney's Office, Vince Chhabria, Esquire, Dennis J. Herrera,

City, Mollie Mindes Lee, Deputy City, Office of the City Attorney, San Francisco, CA, Danny Chou, San Jose, CA, for Intervenor–Plaintiff–Appellee.

Before: REINHARDT, HAWKINS, and N.R. SMITH, Circuit Judges.

The stay in the above matter is dissolved effective immediately.

**Gilbert R. AGUILAR, Petitioner–Appellant,**

v.

**Jeanne S. WOODFORD, Director, California Department of Corrections, Respondent–Appellee.**

No. 09–55575.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Oct. 9, 2012.

Filed July 29, 2013.